UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

ERIC VENEY and
DONOVAN CAMPBELL,

    Plaintiffs,

vs.

PHO FLORIDA & GRILL, LLC,
*a Florida Limited Liability Company*, and
THO TRAN, *in his individual capacity*,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, ERIC VENEY and DONOVAN CAMPBELL, sue Defendants, PHO FLORIDA & GRILL, LLC, *a Florida Limited Liability Company*, and THO TRAN, *in his individual capacity* (collectively referred to as "Defendants") and alleges:

1. This is an action for minimum wage, overtime compensation, tip sharing, liquidated damages, reasonable attorneys fees and costs, and other relief under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

Jurisdiction and Venue

2. The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b); 28 U.S.C. §1331; 28 U.S.C. §1337; and 28 U.S.C. §1343. The Court has authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq*.

3. Venue is proper pursuant to 28 U.S.C. §1331 as Plaintiff was employed within the Southern District of Florida by Defendant; Defendant at all material times conducted business in

the Southern District of Florida; and/or pursuant to 28 U.S.C. §§ 1391(b) and (c), because the acts that gave rise to the Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction therein.

## Parties

4. At all times material hereto, Plaintiff, ERIC VENEY, is an individual over eighteen years of age, otherwise *sui juris*, a resident of the State of Florida, and an "employee" of Defendant as defined by the FLSA.

5. Plaintiff, ERIC VENEY, was employed by Defendant from May 8, 2018 until August 2019 as a cook that performed routine manual, mechanical, and physical work for Defendant in Broward County, Florida without any managerial duties or functions.

6. At all times material hereto, Plaintiff, DONOVAN CAMPBELL, is an individual over eighteen years of age, otherwise *sui juris*, a resident of the State of Florida, and an "employee" of Defendant as defined by the FLSA.

7. Plaintiff, DONOVAN CAMPBELL, was employed by Defendant from May 20, 2018 until August 2019 as a tipped busser, server/waiter for Defendant in Broward County, Florida without any managerial duties or functions.

8. Defendant, PHO FLORIDA & GRILL, LLC, was and is a Florida Limited Liability Company with its principal place of business in Broward County, Florida, was an enterprise covered by the FLSA, engaged in commerce as a restaurant, was Plaintiff's "employer" as defined by 29 U.S.C. § 203(r) and 203 (s), and engaged along with its employees in interstate commerce and/or utilizes goods in the flow of commerce across state lines.

9. At all times material hereto, Defendant, THO TRAN, is an individual over eighteen years of age, is otherwise *sui juris*, is a resident of the State of Florida, and an "employee" of the

Defendant as defined by the FLSA.

10. Defendant, THO TRAN, was and continues to be an Officer/Director of Defendant PHO FLORIDA & GRILL, LLC. At all times material hereto, Defendant, THO TRAN, was acting in the interests of the corporate Defendants and responsible for its pay policies and compliance with the Fair Labor Standards Act.

General Allegations

11. Plaintiffs performed work directly essential to the business performed by Defendant PHO FLORIDA & GRILL, LLC, and Defendants PHO FLORIDA & GRILL, LLC, and THO TRAN failed to pay Plaintiffs the full and proper minimum wage and overtime wages for all hours worked in excess of forty (40) within a work week in violation of 29 U.S.C. §§ 201-209.

12. Defendants and Defendants' owners and managers have taken employee tips in violation of 29 U.S.C. §201-209; See, 203(m)(2)(B), mandating "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Defendants failed to pay full and proper employee tip money or share same among tipped employees such as Plaintiff DONOVAN CAMPBELL.

13. Defendants, PHO FLORIDA & GRILL, LLC, *a Florida Limited Liability Company*, and THO TRAN, have knowingly and willfully refused to pay Plaintiff their legally-entitled wages.

14. The records, if any, concerning the date range of Plaintiffs' employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants.

15. Plaintiffs have complied with all conditions precedent to bringing this suit, or same

have been waived or abandoned.

16. Plaintiffs have retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I – CLAIM OF ERIC VENEY
### Violations of FLSA, Overtime Compensation

Plaintiff realleges and reavers the allegations of Paragraphs 1 through 16 as fully set forth herein, and further alleges:

17. Plaintiff's employment with Defendants was based on an hourly rate of pay.

18. From the first week of employment with Defendant and through to the last, Plaintiff worked in excess of 40 hours per week for which he was not compensated at the statutory rate of time and one-half.

19. Plaintiff was entitled to be paid at the rate of time and one-half for all hours he worked in excess of the maximum hours provided for in the FLSA.

20. Defendants willfully and intentionally refused to pay Plaintiff straight time wages and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages and straight time for the time period specified above.

21. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for all hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

22. Defendants failed to properly disclose or apprize Plaintiff of his rights under the FLSA.

23. Defendants knew of and/or showed reckless disregard for the provision of the

FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for all hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

24. As a direct and proximate result of the willful disregard of the FLSA by Defendants, Plaintiff is entitled to liquidated damages.

25. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered lost wages, plus an equal amount as liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

Wherefore, the Plaintiff respectfully requests that judgment be entered in his favor against Defendants, PHO FLORIDA & GRILL, LLC, *a Florida Limited Liability Company*, and THO TRAN, *in his individual capacity,* jointly and severally, declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA, awarding awarding Plaintiff backpay, overtime compensation, liquidated damages, reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b); post judgment interest; and Ordering any other further relief this Court deems to be just and proper, and <u>Plaintiff hereby demands a trial by jury on all issues so triable</u>.

### COUNT II – CLAIM OF DONOVAN CAMPBELL
**Violations of FLSA, Minimum Wage, Overtime Compensation, Tip Pool Violations**

Plaintiff realleges and reavers the allegations of Paragraphs 1 through 16 as fully set forth herein, and further alleges:

27. Plaintiff's employment with Defendants was based on an hourly rate of pay.

28. From the first week of employment with Defendant and through to the last, Plaintiff

worked in excess of 40 hours per week for which he was not compensated at the statutory rate of time and one-half.

29. Plaintiff was entitled to be paid at the rate of time and one-half for all hours he worked in excess of the maximum hours provided for in the FLSA.

30. Defendants willfully and intentionally refused to pay Plaintiff minimum wages, straight time wages and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages and straight time for the time period specified above.

31. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff minimum wages and at the statutory rate of time and one-half for all hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

32. Defendants failed to properly disclose or apprize Plaintiff of his rights under the FLSA.

33. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff minimum wages and at the statutory rate of time and one-half for all hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

34. Defendants did not satisfy the requirements of 29 U.S.C. § 203(m) and § 531.35 during the Relevant Time Period and thus cannot apply Class Members' tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff and Class Members the full minimum wage for each hour worked up to forty per workweek and full overtime wage for each hour worked in excess of forty per workweek.

35. Because of the institution and maintenance of the illegal tip-sharing violations, and excessive sidework during the Relevant Time Period, which Defendants knew of or showed reckless disregard for the matter of whether its conduct was prohibited by statute, Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA and FMWA.

36. As a direct and proximate result of the willful disregard of the FLSA by Defendants, Plaintiff is entitled to liquidated damages.

37. Defendants willfully and intentionally forced Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme in which they were required to share their tips with non-tipped employees.

38. By requiring Plaintiff and those similarly situated to share their tips with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff and those similarly situated the full minimum wage for each hour worked up to forty per workweek.

39. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered lost wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

Wherefore, the Plaintiff respectfully requests that judgment be entered in his favor against Defendants, PHO FLORIDA & GRILL, LLC, *a Florida Limited Liability Company*, and THO TRAN, *in his individual capacity,* jointly and severally, declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of tip-pool, minimum wage, and maximum hour provision of the FLSA, awarding Plaintiff backpay, overtime compensation, liquidated damages, reasonable attorney's fees and costs and expenses of this

litigation pursuant to 29 U.S.C. §216(b); post judgment interest; and Ordering any other further relief this Court deems to be just and proper, and <u>Plaintiff hereby demands a trial by jury on all issues so triable</u>.

**Dated: August 28, 2019**

                Respectfully submitted,

By:    <u>/s/ Daniel B. Reinfeld</u>
       DANIEL B. REINFELD, ESQ.
       Florida Bar No.: 174815
       DANIEL B REINFELD PA
       Attorneys for Plaintiff
       2450 Hollywood Blvd., Suite 706
       Hollywood, FL 33020
       Telephone: (954) 923-6110
       Facsimile: (954) 628-5054
       E-Mail: dan@reinfeldlaw.com